

**FILED**

NOV 21 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW J. SINGH,<br><br>        Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No. C 14-03624 BLF (PR)<br><br>**ORDER GRANTING FINAL EXTENSION OF TIME TO FILE PETITION; DIRECTING COUNTY JAIL OFFICIALS TO FILE COMPLETE CERTIFICATE OF FUNDS ON BEHALF OF PETITIONER** |

On August 11, 2014, Petitioner in *pro se* filed a "motion under 28 U.S.C. § 2255 to vacate [and] sent aside or correct sentence a by a person in federal custody."[1] (Docket No. 1.) Petitioner also filed a motion for leave to proceed *in forma pauperis* ("IFP"), which was insufficient because Petitioner did not use the correct form and failed to attach supporting documentation. (Docket No. 2.)

Although Petitioner stated that his motion was under § 2255, it was obvious from the information provided in the motion and a subsequent filing, (*see* Docket No. 9), that Petitioner is challenging his state conviction out of Alameda County. Petitioner is currently in custody at Yuba County Jail in Marysville, California.

---

[1] The matter was reassigned to this Court on September 3, 2014, after Petitioner declined to proceed before a magistrate judge. (*See* Docket No. 6.)

Accordingly, it appears that petition for a writ of habeas corpus under 28 U.S.C. § 2254 is the appropriate action.

In the interest of justice, the Court granted Petitioner an extension of time to file a proper petition and complete IFP application to proceed with this action. (Docket No. 10.) Petitioner was directed to use the court's form petition and provide all the information required in the form. Petitioner was also directed to use the court's form IFP application and provide the necssary supporting documents. (*Id.*)

On October 29, 2014, Petitioner filed a motion for leave to proceed IFP which is still deficient because the Certificate of Funds in Prisoner's Account was not signed by an authorized prison official. (Docket No. 11 at 5.) Petitioner states that Yuba County Jail has an "internal policy of no deputy signature to court documents for file where the documents is not court ordered [*sic*]." (*Id.* at 6.) Accordingly, the Court directs Yuba County Jail to provide Petitioner with a Certificate of Funds in Prisoner's Account, completed and signed by an authorized prison official. The Jail shall provide Petitioner a copy and mail the original to the Court **no later than twenty-eight (28) days** from the date this order is filed.

Along with the IFP motion, Petitioner filed documents titled "Augmentation of Court Record." (Docket No. 11 at 9-16.) These documents are not sufficient for this Court to construe as a federal habeas petition because they lack important information, i.e., the name and location of the state court that imposed sentence, the date and terms of sentence, the underlying crimes, and the exhaustion of state court remedies.

In the interest of justice, Petitioner shall be granted one final extension of time to file a proper petition **using the court's form petition**. The petition shall be filed **no later than twenty-eight (28) days** from the date this order is filed.

**Failure to file a proper petition in the time provided will result in the dismissal of this action without further notice to Petitioner.**

Order Granting Final EOT to File Pet. & IFP
03624Singh_2eot-pet.ifp.wpd                     2

The Clerk shall enclose two copies of the court's form petition and two blank copies of the Certificate of Funds in Prisoner's Account with a copy of this order to Petitioner.

**IT IS SO ORDERED.**

DATED: 11-21-2014

BETH LABSON FREEMAN
United States District Judge